PETER D. HALLORAN, ESQ., SB No. 184025
CORI R. SARNO, ESQ., SB No. 230559
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants VISCARDI INDUSTRIAL SERVICES, LLC and KEITH VISCARDI

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE SMITH,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>VISCARDI INDUSTRIAL SERVICES, LLC;<br>and KEITH VISCARDI as an individual,<br><br>　　　　　　　Defendants. | Case No.: 11-CV-02174-GEB-EFB<br><br>**STIPULATION AND PROTECTIVE ORDER** |

　　　　Whereas, defendants Viscardi Industrial Services, LLC and Keith Viscardi (collectively "Viscardi") have produced and intend to produce to plaintiff, Nicole Smith ("Smith"), certain financial records and other documents which Viscardi contends are confidential, proprietary and/or contain private personal information;

　　　　Whereas, the parties anticipate that during this litigation either Viscardi or Smith will be called upon to produce records pertaining to Smith, Viscardi or others which may be confidential, proprietary and/or contain private personal information;

　　　　Whereas, the parties desire to maintain any potential rights to privacy, confidentiality, privilege, etc., which may apply to any documents produced in this action.

THEREFORE, THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL HEREBY STIPULATE AS FOLLOWS:

1   DEFINITIONS:

1.1   Party:   Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2   Protective Order:   This Stipulation and Protective Order and all terms and conditions thereof.

1.3   Confidential Material or Information:   Documents designated by a Party as confidential and subject to the terms of this Protective Order.

2   DESIGNATING CONFIDENTIAL MATERIAL OR INFORMATION

2.1   Any Party producing documents to the other Party in this action which that Party feels is confidentially, proprietary, or subject to a right to privacy or other protection from disclosure may designate the documents it is producing subject to this Protective Order as "CONFIDENTIAL."   Where a document contains multiple pages, affixing the legend CONFIDENTIAL" on the first page of the document will suffice to designate the entire document as confidential.

2.2   Should a Party feel that documents produced by another Party should be subject to this Protective Order, that Party must send a writing to the other Party identifying the documents with specificity and asking that they be stamped "CONFIDENTIAL" and subject to this Protective Order.

3   INADVERTENT FAILURES TO DESIGNATE

3.1   An inadvertent failure to designate a document or series of documents as "CONFIDENTIAL" does not, standing alone, waive a right to privacy, confidentiality, etc., which may apply to the document(s).   Any party desiring to have a previously produced document or series of documents designated as "CONFIDENTIAL" shall ask that the document(s) be so labeled as soon as possible after discovering the inadvertent failure to designate the documents as "CONFIDENTIAL."

4   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Any documents designated as "CONFIDENTIAL" may be used, referred to and discussed only by and between Parties to this action in connection with the litigation of this action. Such Confidential Material may not be used for any other purpose unrelated to this litigation

4.2   Any documents designated as "CONFIDENTIAL" may be disclosed only to Parties to this action and to expert witnesses retained by Parties to this action provided that the expert witnesses agree in writing or on the record at an official proceeding to be bound by the terms of this Protective Order.

4.3   Confidential Material may be disclosed to the Court, professional vendors and witnesses only if necessary to the prosecution or defense of this action and only if reasonable steps are taken by the Party submitting said documents to preserve the confidentiality of the Confidential Material so as to avoid public disclosure.

5   FINAL DISPOSITION:

5.1   Within sixty days after the final termination of this action, each Party who received Confidential Material from another Party must destroy all Confidential Material received and provide a written confirmation to the other Party that the Confidential Materials have been destroyed.

IT IS SO STIPULATED AND AGREED:

Dated:  March 29, 2012                                ANGELO, KILDAY & KILDUFF, LLP

                                                                      */s/ Peter D. Halloran*
                                                                By:_____
                                                                       CAROLEE G. KILDUFF
                                                                       CORI R. SARNO
                                                                       Attorneys for Defendants
                                                                       VISCARDI INDUSTRIAL SERVICES,
                                                                       LLC and KEITH VISCARDI

1 | Dated: 3/20/12                                                YOUNG WARD & LOTHERT

                                                            */s/ Scott Ward*
                                                     By:_____
                                                         SCOTT WARD
                                                         Attorneys for Plaintiff
                                                         NICOLE SMITH


Dated:  3/12/12                                      */s/ Margaret E. Roeckl*

                                                     _____
                                                         MARGARET E. ROECKL
                                                         Attorney for Plaintiff NICOLE SMITH


IT IS SO ORDERED.


Dated:  March 29, 2012.                     _____
                                                         EDMUND F. BRENNAN
                                                         UNITED STATES MAGISTRATE JUDGE